EXHIBIT A

| | |
|---|---|
| **From:** | melsada morrison |
| **To:** | Adam Sackowitz |
| **Subject:** | Re: Dudley v. Hanzon Homecare Services, Inc. et al., 15-cv-8821 |
| **Date:** | Sunday, December 04, 2016 4:13:15 PM |
| **Attachments:** | responses Nov 30.docx |

Good day, letter attached is being sent to you and also to the court.


Warm Regards,

Mrs. Melsada Morrison
Hanzon Homecare Services, Inc. (President)
(917) 445 - 1469


On Tuesday, November 29, 2016 5:39 PM, Adam Sackowitz <AjSackowitz@KatzMelinger.com> wrote:


Ms. Morrison,

Please see the attached letter, which was filed today in the above-captioned matter. Please note that this letter is being sent to you directly as your *pro bono* counsel was only authorized to represent you to defend your deposition and take the deposition of Velma Dudley, both of which have already occurred.

Best Regards,

Adam Sackowitz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone 212.460.0047
Facsimile 212.428.6811
ajsackowitz@katzmelinger.com
www.KatzMelinger.com

**Hanzon Homecare Services, Inc.**
**2349 Ellis Ave**
**Bronx, New York 10462**
**Fax: 718-828-5275/ 917-445-1469**
**Melsada101@yahoo.com**

Attention:
Honorable Jesse M. Furman
United States District Judge, Southern District of New York
40 Foley Square
New York, NY 10007

CC: Adam Sackowitz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016

December 4, 2016

On November 2013 the Plaintiff signed a New York State wage form upon her employment agreeing to the wages of $15 an hour for an hourly case, $130 a day for a daily case. Contracts and documents were signed by the Plaintiff giving her a full understanding of the policies. I provide a log book for the client in part if the client is not sleeping, eating, or not feeling well overall. In this log book, there are records indicating that the client is not sleeping, and there were no verbal complaints from the Plaintiff to me regarding she was not sleeping at any time during her employment.

In the Plaintiff deposition,

-Plaintiff admits she was upset with her days being reduced from (5) five days to (4) four days. (3) three months later I received a letter from Plaintiff's attorney stating that she was not sleeping.

-Plaintiff says that she would get her 8 hours of sleep.

-She eats when she wants to.

-She was not up when client goes to the rest room.

The Plaintiff work day began on Sunday 9am and ended on 9am Friday morning. Plaintiff was off during the following times below with pay when the client was out at appointments escorted by myself (Mrs. Morrison).

Sunday: 10am-12pm (2 hours) client out with family

Tuesday: 10:30am-4:30pm (6 hours) client goes to Dialysis

Wednesday: 12pm-3pm (3 hours) when family member visit

Thursday: 10:30am-4:30pm (6 hours) client goes to Dialysis

The Plaintiff's (2) two years of employment with Hanzon Homecare Services, Inc. had no issues or complaints regarding all job duties until (3) three months after termination. Prior to the termination, under Ms. Dudley's care, the client started to showed signs of neglect. This prompted the nutritionist to advise us that the client needs to

have her weight taken daily. I (Mrs. Morrison) gave the Plaintiff (3) three verbal warnings within a month which came with no change in behaviour. With no change, I (Mrs. Morrison) decided to cut her days from (5) five to (4) four and at that point, the Plaintiff went ballistic and began to verbally abuse the client. After the incident, the family was concerned for their loved one wellbeing. The Plaintiff was suspended and by request of family, (5) five days later terminated with a written description of why. It is very common that the elderly are victims of abuse by Home Health Aides. I (Mrs. Morrison) respectively, am asking Your Honor to dismiss this case.


Respectfully Submitted,



Mrs. Melsada Morrison