```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
VELMA DUDLEY,                                                           :
                                                                        :
                                       Plaintiff,                       :     15-CV-8821 (JMF)
                                                                        :
                  -v-                                                   :
                                                                        :     OPINION AND ORDER
HANZON HOMECARE SERVICES, INC., et al.,                                 :
                                                                        :
                                       Defendants.                      :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Velma Dudley, who worked as a live-in home health aide and companion, brings claims, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against her former employer, Hanzon Homecare Services, Inc. ("Hanzon"), and Hanzon's owner, Melsada Morrison (together with Hanzon, "Defendants"). (Docket No. 5 ("Compl."), ¶¶ 7, 10).[1] By Order dated July 20, 2016, the Court entered a default judgment as to liability against Hanzon, but deferred the assessment of damages pending adjudication of Dudley's claims against Morrison. (Docket No. 47). Dudley now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment against Morrison with respect to both liability and damages.[2] Morrison, proceeding *pro se*, opposes the motion as to her. For the reasons discussed below, Dudley's motion is

---

[1] According to Plaintiff, her first name was inadvertently misspelled as "Zelma" in the caption of previous filings in this case. (*See* Docket No. 71 ("Dudley Decl."), at n.1). The Clerk of Court is directed to amend the caption to conform to the caption on this Opinion.

[2] Dudley also moves for summary judgment with respect to damages against Hanzon. After the entry of default judgment, however, the amount of damages "must be proven in a post-default inquest where the defendant has an opportunity to contest the plaintiff's claims." *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 500 (S.D.N.Y. 2013).

GRANTED in part and DENIED in part.

## BACKGROUND

The relevant facts, taken from the Complaint and admissible materials submitted in connection with the pending motion, are either undisputed or described in the light most favorable to Morrison. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

Dudley worked for Morrison as a home health attendant from some time in 2013 until about May 26, 2015. (Compl. ¶ 20). Morrison owned Hanzon, a third-party provider of home health care for elderly and sick clients in the New York area. (Compl. ¶¶ 8, 10). When Dudley was hired, she was provided with a notice listing her hourly pay as "$15" and her daily pay as "$130." (Docket No. 79 ("Morrison Decl."), Ex. G ("Notice of Pay")). Dudley worked exclusively with a single elderly client; her duties included preparing the client's meals, organizing and dispensing the client's medication, and generally keeping the client company. (Compl. ¶¶ 21, 22, 27). On days that she worked, she slept in the client's home so that she would be able to provide care to during the night if necessary. (Compl. ¶ 25, 28). During the course of her employment, Dudley was paid $130 per day worked (although she also received holiday and bonus pay on occasion). (Compl. ¶ 24; Docket No. 80 ("Def.'s Resp. to Pl.'s 56.1"), at ¶ 22). She did not receive statements listing either her regular or overtime rates of pay upon payment of her wages. (Compl. ¶ 47).

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute over an issue of material fact qualifies as genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *accord PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Additionally, because Morrison is proceeding *pro se*, the Court must grant her "special solicitude."  *Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010).  Such special solicitude is not unlimited, however.  Provided Dudley meets her initial burden of demonstrating the absence of a genuine issue of material fact, Morrison must still "come forward with evidence demonstrating that there is a genuine dispute regarding material fact."  *Bennett v. Bailey*, No. 07-CV-7002 (PKC), 2010 WL 1459192, at *3 (S.D.N.Y. Apr. 9, 2010).

## DISCUSSION

Dudley's summary judgment motion covers several issues.  First, she argues that Morrison is individually liable as an "employer" within the meaning of both the FLSA and

NYLL and that she herself was a covered "employee" within the meaning of those same statutes. (*See* Docket No. 81 ("Pl.'s Br."), at 6-10). Second, Dudley seeks summary judgment with respect to her claims to unpaid wages, overtime pay, and minimum wages. (Pl.'s Br. 10-14). Third, she argues for summary judgment on her claims of payroll notice violations under the NYLL. (Pl.'s Br. 16-17). And finally, Dudley argues that she is entitled to liquidated damages on her claims. (Pl.'s Br. 14-16). The Court addresses these arguments in turn.

## A. "Employer" and "Employee" Status

First, Dudley moves for summary judgment on the questions of whether Morrison, in her individual capacity, was an "employer" within the meaning of the FLSA and NYLL and whether she herself was a covered "employee" under the two statutes. (Pl.'s Br. 6-9). The first question is easily resolved. Whether an individual is personally liable as an "employer" under the FLSA and the NYLL turns on four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (citation and internal quotation marks omitted); *see also Hernandez v. Jrpac Inc.*, 14-CV-4176 (PAE), 2016 WL 3248493, at *22 (S.D.N.Y. June 9, 2016) ("The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA."). Here, it is undisputed that Morrison satisfies all four factors. (*See, e.g.*, Docket No. 72 ("Sackowitz Decl."), Ex. 1 ("Morrison Depo."), at 42 (acknowledging that she "personally supervise[d] all the home health aides that work for [the company]"); Docket No. 78 ("Def.'s Br."), at 12 (confirming that Morrison "hired Plaintiff, set work policies and rules, assigned Plaintiff to perform work for the client, disciplined Plaintiff and terminated Plaintiff")). Morrison's sole argument against being treated as Dudley's

"employer" is that she controlled and supervised Dudley "in her capacity as Hanzon's president," (Def.'s Br. 12), but that fact is irrelevant as a matter of law.  *See, e.g.*, *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (holding that "an individual within a company that undisputedly employs a worker" can be held "personally liable for damages"); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) (finding that owners of the defendant employer were "Plaintiffs' employers for the purposes of NYLL liability").

The second question — whether Dudley is a covered "employee" — is a tad more complicated because the FLSA and the NYLL both have exemptions for "companionship services."  *See* 29 U.S.C. § 213(a)(15); 12 N.Y.C.R.R. § 142-2.14; *see also, e.g.*, *Severin v. Project Ohr, Inc.*, No. 10-CV-9696 (DLC), 2012 WL 2357410, at *5 (S.D.N.Y. June 20, 2012). It is undisputed, however, that the NYLL exemption did not apply to Dudley, as she was "employed by an employer or agency other than the family or household using his or her services."  N.Y. Lab. Law § 2(16); *see also Severin*, 2012 WL 2357410, at *5 (observing that the NYLL does not exempt "sleep-in home attendants employed by . . . vendor agencies" (citation and internal quotation marks omitted)).  It is similarly undisputed that, beginning January 1, 2015, the FLSA exemption did not apply to Dudley, as it was changed on that date to exclude "[t]hird party employers of employees engaged in companionship services," such as Hanzon and Morrison.  29 C.F.R. § 552.109 (2015).[3]  Thus, the only matter in dispute is whether the FLSA's "companionship services" exemption applied to Dudley before January 1, 2015.  (*See* Def.'s Br.

---

[3] There is some debate about whether that change took effect on January 1, 2015, as originally planned, or on October 13, 2015, when the Court of Appeals for the D.C. Circuit vacated a district court order enjoining the new regulations.  *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015).  Nevertheless, "[t]he overwhelming majority of well-reasoned opinions have concluded that the Home Health Aide Exemption was narrowed on January 1, 2015."  *Hypolite v. Health Care Servs. of New York Inc.*, 256 F. Supp. 3d 485, 492 (S.D.N.Y. 2017) (collecting cases).

8 n.8; Pl.'s Br. 8-9). The Court need not — and does not — resolve that dispute, however, as it has no bearing on the outcome of the case given that Dudley's "minimum wage and overtime damages . . . under the NYLL . . . overlap with and excee[d] her claims under the FLSA." (Pl.'s Br. 9).[4] Accordingly, the Court grants summary judgment to Dudley on her status as an "employee" under the NYLL and on her status as an "employee" under the FLSA beginning on January 1, 2015.

**B. Hours Worked**

Next, Dudley moves for summary judgment on her claims to unpaid wages, overtime wages, unpaid minimum wages, and spread-of-hours wages under the FLSA and the NYLL. (Pl.'s Br. 10-16). Those claims turn on the issue of how many hours Dudley worked — on which she bears the burden of proof. Because Hanzon and Morrison did not maintain adequate records of Dudley's hours, however, Dudley may carry that burden under the FLSA and the NYLL "based upon [her] recollection of hours worked, which is presumed to be correct." *Amaya v. Superior Tile & Granite Corp.*, No. 10-CV-4525 (PGG), 2012 WL 130425, at *7 (S.D.N.Y. Jan. 17, 2012). The burden then "shifts to the employer 'to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835 (AT), 2015 WL 4940107, at *4 (S.D.N.Y. Aug. 11, 2015) (quoting *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997)).

---

[4] In a footnote, Dudley suggests that the Court should determine whether the FLSA's companionship exemption applied before January 1, 2015, because such a determination would "effect liquidated damages." (Pl.'s Br. 9 n.3). But that is incorrect. The standards for liquidated damages under the two statutes are substantially the same. *See, e.g.*, *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015). And Dudley "does not seek cumulative liquidated damages under both the FLSA and NYLL." (Pl.'s Br. 16). That is for good reason, as the Second Circuit has held that cumulative liquidated damages are not available. *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order).

6

Applying that framework here, the Court concludes that there are disputes of fact with respect to the hours that Dudley worked that preclude summary judgment. Dudley claims, for example, that she began working in August 2013 and that she regularly worked seventy-nine hours per week. (Sackowitz Decl. ¶¶ 18-19, 59). By contrast, Morrison claims that Dudley began working in November 2013 and that she worked only forty hours in some weeks thirty-three or fewer hours per week in others. (Def.'s Resp. to Pl.'s 56.1 ¶¶ 2, 10). It is true, as Dudley argues (Pl.'s Br. 11), that some of the testimony on which Morrison bases her claims is inadmissible for lack of personal knowledge. But, drawing all inferences in Morrison's favor, as the Court must, a reasonable jury could conclude that there is "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Reich*, 121 F.3d at 69. That evidence includes a log book, which casts some doubt on Dudley's claims with respect to working throughout the night (*see, e.g.*, Docket No. 83-2, at 21 (listing "sleep well" for several consecutive entries)) and with respect to the start date of her employment. (*See* Docket No. 83-1, at 26 (listing "Velma," for the first time, next to "11/1"). In addition, it includes affidavits from two other home health aides — Donna Simpson and Patricia Lewis — who worked with the same client as Dudley before, during, and after Dudley's term of employment. (*See* Morrison Decl., Ex. B ("Simpson Aff."), Ex. C ("Lewis Aff.")). Simpson and Lewis both report that they worked far fewer hours while caring for the same client and dispute Dudley's assertion that the client needed care in the middle of the night. (*See, e.g.*, Simpson Aff. ¶¶ 3, 5-7 (reporting that Simpson generally worked shifts ranging from five to eight and a half hours a day)). A reasonable jury could infer from those affidavits that Dudley's account of her hours is unreliable. *See, e.g.*, *Hussain v. Pakistan Int'l Airlines Corp.*, No. 11-CV-932 (ERK) (VVP), 2012 WL 5289541, at *2 (E.D.N.Y. Oct. 23, 2012) (denying the plaintiff's motion for summary judgment

7

on the ground that there was a material dispute over how many hours the plaintiff actually worked, and relying, in part, on testimony from employee immediately succeeding the plaintiff).

In short, there are genuine disputes of fact with respect to the dates of Dudley's employment and the hours that she worked. It follows that the Court cannot grant her summary judgment on her claims for unpaid wages, overtime wages, unpaid minimum wages, and spread-of-hours wages, let alone fix damages. *See, e.g.*, *Paguay v. Buona Fortuna, Inc.*, No. 11-CV-6266 (LTS), 2013 WL 3941088, at *3-4 (S.D.N.Y. July 31, 2013) (denying the plaintiff's motion for summary judgment because of a "genuine dispute of fact as to the hours that [the plaintiff] worked," even where the defendants "concede[d] that they did not maintain adequate records").

## C. Payroll Notices

Next, Dudley moves for summary judgment on her claims that Morrison violated two provisions of Section 195 of the NYLL. First, she contends that Morrison violated Section 195(3), which provides that an employer must "furnish each employee with a statement with every payment of wages, listing," among other things, the employee's "rate or rates of pay and basis thereof." (Compl. ¶ 100). Second, she alleges that Morrison violated Section 195(1)(a), which provides that an employer must, "at the time of hiring," provide her employees "a notice containing" similar information. (Compl. ¶ 99). There is no dispute that Morrison failed to comply with either notice requirement. (*See* Def.'s Br. 14-15; *see also* Notice of Pay). Nevertheless, Dudley's request for summary judgment on the Section 195(3) claim is easily rejected, as the "complete and timely payment of all wages due" is (and was at all relevant times) an affirmative defense to a claim under that provision. *See* N.Y. Lab. Law § 198(1-d). In light of the genuine disputes over Dudley's dates of employment and hours worked, there are plainly disputed facts with respect to Morrison's ability to assert that affirmative defense (not to mention

8

the number of weeks with respect to which damages could be recovered). Accordingly, Dudley's motion for summary judgment with respect to her Section 195(3) claim is denied.

Dudley's Section 195(1)(a) claim is a different — and slightly more complicated — matter. Pursuant to Section 198(1-b), the "complete and timely payment of all wages due" is an affirmative defense to a Section 195(1)(a) claim as well. Significantly, however, that defense was not available prior before February 27, 2015, because of an apparent scrivener's error in the drafting of the statute. *See* N.Y. Lab. Law § 198(1-b) (McKinney 2011) (permitting the affirmative defense in proceedings to "recover damages for violation of *paragraph (d)* of subdivision one of section one hundred ninety-five of this article" (emphasis added)); *see also Hicks v. T.L. Cannon Corp.*, No. 13-CV-06455 (EAW), 2014 WL 5088879, at \*3 (W.D.N.Y. Oct. 8, 2014) (discussing the error). The statute was amended effective February 27, 2015, *see Marin v. Apple-Metro, Inc.*, No. 12-CV-5274 (ENV) (CLP), 2017 WL 4950009, at \*21 (E.D.N.Y. Oct. 4, 2017), but courts in this Circuit have held that the amendment does not apply retroactively, *see, e.g.*, *Saldana v. New Start Grp., Inc.*, No. 14-CV-4049 (CBA) (RLM), 2016 WL 3683530, at \*1 (E.D.N.Y. July 5, 2016) (noting that "the recent revisions to [Section 198 of the NYLL] have not been applied retroactively by federal courts" and citing cases). Accordingly, Dudley is entitled to summary judgment on her Section 195(1)(a) claim for the period from the start of her employment (which was no later than November 2013) through February 27, 2015.

That does not end the matter, however. Prior to the 2015 amendment, damages for a violation of Section 195(1)(a) were $50 per work week "not to exceed a total of two thousand five hundred dollars." 2010 N.Y. Sess. Laws ch. 564 § 7 (McKinney), *amending* N.Y. Lab. Law § 198(1-b). If that maximum applied here, Dudley's damages would be capped at the statutory

9

maximum because her damages for the pre-amendment period exceeded $2500 regardless of precisely when she started work. The 2015 amendment, however, increased the statutory maximum award to $5000, *see* N.Y. Lab. Law § 198(1-b), and courts have held that that maximum applies where, as here, a plaintiff's work straddled the two periods, *see, e.g.*, *Changxing Li v. Kai Xiang Dong*, No. 15-CV-7554 (GBD) (AJP), 2017 WL 892611, at *12 (S.D.N.Y. Mar. 7), *report and recommendation adopted*, 2017 WL 1194733 (S.D.N.Y. Mar. 31, 2017). Thus, whether Dudley is entitled to more than $2500 and, if so, how much more depends on whether Morrison's violations continued after February 27, 2015 (and perhaps when precisely she started work). That, in turn, depends on the applicability of the affirmative defense discussed above — the "complete and timely payment of all wages due." Accordingly, while summary judgment is granted on Dudley's Section 195(1)(a) claim with respect to the period from the start of her employment (which was no later than November 2013) through February 27, 2015, it is denied with respect to the period thereafter and with respect to damages.

### D. Liquidated Damages

Finally, Dudley contends that she is entitled to summary judgment on her claims for liquidated damages under the FLSA and the NYLL, on the ground that "Defendants cannot prove that they acted in good faith" in seeking to comply with the strictures of those two laws. (Pl.'s Br. 14). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citation and internal quotation marks omitted); *see also Inclan*, 95 F. Supp. 3d at 505 (noting that "courts have not substantively distinguished" the FLSA standard from the NYLL standard). The employer's burden is "difficult," *Kim v. 511 E. 5th St., LLC*, 133 F. Supp. 3d 654, 667 (S.D.N.Y.

2015), with "double damages being the norm and single damages the exception," *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).

Morrison has not met that difficult burden here. She claims that she "took affirmative steps to confirm that Hanzon's pay practices" were lawful, most prominently by asking her "son, a Hanzon employee, to call the New York State Labor Board to understand what Hanzon needed to do to comply with the law." (Morrison Decl. ¶ 11). But Morrison provides no evidence (let alone admissible evidence) regarding whether her son actually called and, if he called, what he said and what advice he received. *See Inclan*, 95 F. Supp. 3d at 504 (declining to credit defendants' assertion that they had consulted with attorneys because "the record contain[ed] no evidence as to the advice of prior counsel nor of whether defendants followed that advice"). Morrison also claims that she acted in good faith because she used a "payroll service provider" and "believed that [the provider] would have notified Hanzon" if it were not in compliance with the FLSA or the NYLL. (Morrison Decl. ¶¶ 12-13). Putting aside whether that assumption was reasonable, passively making an assumption plainly does not qualify as an "*active* step[] to ascertain the dictates of the [law] and then act to comply with them." *Barfield*, 537 F.3d at 150 (emphasis added). On that score, the cases cited by Morrison are easily distinguished from this one. *See Franco v. Jubilee First Ave. Corp.*, No. 14-CV-07729 (SN), 2016 WL 4487788, at *16 (S.D.N.Y. Aug. 25, 2016) (denying the plaintiffs' motion for summary judgment where the defendants "sought and relied on advice from their payroll company regarding applicable federal and state employment regulations"); *Khereed v. W. 12th St. Rest. Grp. LLC*, No. 15-CV-1363 (PKC), 2016 WL 590233, at *6 (S.D.N.Y. Feb. 11, 2016) (denying the plaintiffs' motion for summary judgment where the defendant "testified in his deposition that he had retained counsel to advise him on wage-and-hours laws, that an attorney reviewed the contents of his employee

handbook, and that he retained a qualified payroll company and provided wage documentation to all employees"). Accordingly, to the extent Dudley establishes that Morrison is liable for claims giving rise to liquidated damages, she is entitled to such liquidated damages.

## CONCLUSION

For the reasons stated above, Dudley's motion for summary judgment is GRANTED in part and DENIED in part. Specifically, Dudley's motion is granted with respect to (1) Morrison's status as an "employer" under the FLSA and the NYLL; (2) Dudley's status as a covered "employee" under the NYLL (and, to the extent it matters, her status as a covered employee prior to January 1, 2015, under the FLSA); (3) Morrison's pre-2015 liability under Section 195(1)(a) of the NYLL; and (4) assuming she establishes that Morrison is liable for claims giving rise to liquidated damages under the NYLL, to her entitlement to such damages. By contrast, in light of the factual disputes concerning Dudley's dates of employment and hours worked, summary judgment is denied on the question of Morrison's liability for unpaid wages, overtime wages, minimum wages, and spread-of-hours wages under the NYLL, as well as her NYLL Section 195(3) claim and post-2015 amendment 195(1)(a) claim.

In light of the substance of the remaining claims and the need for trial to resolve them, the Court exercises its discretion under Title 28, United States Code, Section 1915(e)(1) and will seek to obtain *pro bono* counsel for Morrison. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989). Further, the Court believes — in light of this ruling, the nature of the remaining claims, and the possibility that Morrison will obtain counsel in short order — that the parties should attempt to settle the case without the need for trial. To that end, **no later than forty-five days from the date of this Opinion and Order or one week after** *pro bono* **counsel enters a notice of appearance, whichever is earlier, the parties shall contact the Chambers**

**of Magistrate Judge Stewart D. Aaron (the newly redesignated Magistrate Judge in light of Magistrate Judge Ellis's retirement) to schedule a settlement conference as soon as possible.** In the event that the case does not settle, the Court will issue a further Order with respect to the timing and procedures leading up to trial.[5]

The Clerk of Court is directed to terminate Docket No. 70 and to mail Morrison a copy of this Opinion and Order.

SO ORDERED.

Dated: January 17, 2018
       New York, New York

JESSE M. FURMAN
United States District Judge

---

[5] To the extent that the case does not settle, the Court will treat the trial as an inquest for purposes of the claims against Hanzon, which defaulted. *See supra* note 2.